IN THE MATTER OF THE PROBATE OF THE LAST WILL OF JOHN RUSSELL, DECEASED.

*Lost will — application for its probate — what proof of its due execution by the testator must be given by the proponent.*

APPEAL from a decree of the Surrogate's Court of Cattaraugus county, refusing to admit to probate the alleged last will and testament of John Russell, deceased.

The proponent attempted to establish the instrument as a last will; consequently the original was not produced, nor was a copy of it put in evidence. The only evidence on the subject of the execution of a will, aside from proof of declarations of the deceased that he had made a will, was the testimony of the witness Rabb,

who stated in substance that near the last of February, 1880, which was about a year before the death of the deceased, witness was at the office of H. M. Herrick, an attorney-at-law, then doing business at Cattaraugus, but since deceased ; that Mr. Russell was there at the same time, and witness saw a paper of four pages, partly written and partly printed, lying on Herrick's table, which Russell said was his will ; that witness saw Russell's name and seal at the end of the paper, and under Russell's name there was a space filled with written or printed matter, and under that, at the left hand of the paper, were two or three names, one of which the witness thought was Mr. Herrick's ; the other names he did not testify to. He also testified that the paper was in Herrick's handwriting; and that Herrick was present when witness saw the paper, but made no remark about it, and that Russell said Herrick was to be the executor of the will. The record book also states that a blank form of a will was shown to the witness at the trial, but it does not appear what the form was, nor that the witness stated what was the form or contents of the paper which he saw in Herrick's office, or that it or any part of it was in the same form as the blank shown to him at the trial.

The court at General Term said : " If the witness had been able to state that the two or three names which he noticed at the foot of the paper were subscribed to a full attestation clause, showing that the paper had been executed with the formalities required by the statute of wills, that testimony, in connection with the other testimony adduced by the proponent, might have made out a *prima facie* case. But the record as it stands contains no evidence whatever that the paper which Rabb testifies he saw was duly executed as a will. This we regard as a fatal defect in the proponent's case.

" In all the cases cited by the appellant's counsel upon this branch of the case, there was a full attestation clause. They authorize the proposition that 'if the attestation clause is full, and the signatures genuine, and the circumstances corroborative of due execution, and there is no evidence disproving a compliance in any particular, the presumption may be lawfully indulged that all the provisions of the statute were complied with, although the witnesses are unable to recollect the execution or what took place at the time.' That proposition is not questioned, but it does not aid the proponent.

The foundation upon which the presumption rests is the attestation clause, and that is lacking in this case.

" The bare declaration of the deceased that the paper which the witness saw was his will, does not tend to prove that it was executed as the statute requires. To hold otherwise · would be to dispense with all the safeguards against fraud and imposition which- the formalities required by the statute were intended to provide.

" Without considering the other questions argued by counsel, we think that for the reasons above stated the decree should be affirmed, with costs of the respondent to be paid out of the estate."

*Nash & Lincoln,* for the petitioners, appellants.

*Allen & Thrasher,* for the contestants, respondents..

Opinion by SMITH, P. J.; HARDIN and BARKER, JJ., concurred.

Decree affirmed, with costs to the respondents, to be paid out of the estate.